```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA                                               :
                                                                       :    21-CR-523 (JMF)
                    -v-                                                :
                                                                       :    MEMORANDUM OPINION
SHATIR TAWFIQ,                                                         :         AND ORDER
                                                                       :
                    Defendant.                                         :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Shatir Tawfiq was convicted, following a guilty plea, of transporting stolen vehicles and conspiracy to do the same. On October 5, 2023, after a *Fatico* hearing, the Court sentenced Tawfiq to 30 months' imprisonment — well below the effective Guidelines range (including the two-point reduction for the zero-point offender amendment that went into effect the following month) of 63 to 78 months' imprisonment — citing, among other things, "the seriousness of the crime, the lengthy period over which it occurred, and Mr. Tawfiq's significant role in it." ECF No. 187, at 26. The Court also emphasized that Tawfiq had given "intentionally false testimony" at the *Fatico* hearing and that he continued to deny, or at least minimize, his guilt. *Id.* at 26-27. Proceeding without counsel, Tawfiq now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release. *See* ECF No. 205 ("Motion").

As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Fernandez*, 104 F.4th 420, 426-27 (2d

Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] As the Second Circuit has held, "an 'extraordinary' reason is 'most unusual,' 'far from common,' and 'has little or no precedent,'" or is "'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Fernandez*, 104 F.4th at 428 (cleaned up). Meanwhile, "[a] 'compelling' reason 'is both powerful and convincing.'" *Id.* (cleaned up).

Measured against these standards, Tawfiq's motion falls far short, substantially for the reasons stated by the Government in its opposition. *See* Gov't Opp'n 4-6. Put simply, Tawfiq's arguments — even taken together — do not rise to the level of "extraordinary and compelling reasons" within the meaning of the statute. For one thing, they are the ordinary incidents and collateral consequences of incarceration. For another, many, if not all, of the reasons he proffers were equally present at the time of sentencing. Second, and in any event, the Court concludes that a reduction would not be "consistent with" the Section 3553(a) factors. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). Less than one year ago, the Court carefully considered the Section 3553(a) factors and reasoned that they called for the sentence imposed. That reasoning "still applies with full force today." *United States v. Saleh*, No. 93-CR-181 (LAP), 2023 WL 158444, at *5 (S.D.N.Y. Jan. 10, 2023). In fact, Tawfiq's motion confirms that he is *still* minimizing his culpability for his serious crimes. *See* Motion 5 (arguing that his "participation in the crime essentially consisted of turning a blind eye

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A). Although the record is not clear, there is reason to believe that Tawfiq satisfied it. *See* ECF No. 207 ("Gov't Opp'n"), at 3-4 & n.4. In any event, the Government does not oppose the motion on that basis.

to conduct that was happening").

For the foregoing reasons, Tawfiq's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 205 and to mail a copy of this Memorandum Opinion and Order to:

>Shatir Tawfiq
>Register No. 56236-509
>FCI Danbury
>Federal Correctional Institution
>Route 37
>Danbury, CT 06811

SO ORDERED.

Dated: September 6, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

3